698 So.2d 530 (1997)
THE FLORIDA BAR, Complainant,
v.
Frank THOMAS, II, Respondent.
No. 87351.
Supreme Court of Florida.
July 10, 1997.
Rehearing Denied September 1, 1997.
*531 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel and Adria E. Quintela, Co-Bar Counsel, Ft. Lauderdale, for Complainant.
Frank Thomas, Hollywood, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by attorney Frank Thomas, II. We have jurisdiction. Art. V, § 15, Fla. Const.
Helene Rottblatt entered into two separate contingency fee contracts with Thomas's law firm related to an automobile accident and a slip and fall incident. Thomas undertook to represent Rottblatt in both cases to recover damages for the personal injuries Rottblatt sustained. Under each of the fee agreements, Thomas was entitled to thirty-three and one-third percent of the amount secured for Rottblatt in the event he settled her case before a lawsuit was filed.
Thomas effected a settlement in Rottblatt's slip and fall case for $16,000 plus $5,000 in "med pay." Once Rottblatt endorsed the settlement check and returned it to Thomas, Thomas deposited it in his trust account and then prepared and presented his client with a closing statement. The closing statement, dated June 23, 1995, indicated that Rottblatt's total recovery was $21,000; that $5,000 of this was to be paid to her doctor, Dr. Irage Yehudian; that $360 was to be paid to her other doctor, Dr. David Muransky; that attorney's fees were $5,333, and that Rottblatt's net recovery was $10,307.
At the time that Thomas sent Rottblatt the closing statement, he was aware that Dr. Yehudian was only owed $3,100 rather than $5,000. On June 21, 1995 (two days before the closing statement was prepared), Dr. Yehudian had agreed that his total bill for treating the injuries Rottblatt suffered in both the automobile accident and the slip and fall incident would be $8,000. Due to the fact that Dr. Yehudian was already being paid $4,900 by AMICA, Rottblatt's automobile insurance carrier, Yehudian was only owed $3,100 of the $5,000 med pay amount. On July 24, 1995, Thomas wrote a check to Dr. Yehudian for $3,100, which indicated "Payment of final bill-Rottblatt." Thomas kept the remainder of the $5,000 med pay ($1,900). When Rottblatt became aware that Dr. Yehudian had not been paid the full $5,000 med pay, she filed a grievance with The Florida Bar.
Thomas asserted below and asserts now on appeal that he was entitled to keep the $1,900 due to the fact that the medical treatment *532 his client received for her injuries could not be separated on a medical basis between the automobile accident and the slip and fall incident. Thomas contended that he therefore had to negotiate a "package settlement" with both the insurance company that represented the defendant in the slip and fall case and the automobile insurance carrier. Under this package settlement, the automobile insurer offered $4,900 for medical costs and the other insurance company offered $5,000 in med pay and $16,000 in liability benefits. Thomas further asserted that Rottblatt accepted these offers with the full understanding that Thomas would receive one-third of the total $25,900 recovered and that she would receive at least $10,000 and have all of her medical bills paid in full for both accidents. Thomas then got both doctors to agree to lesser amounts for their medical services than were actually owed, in part because they agreed that they should be responsible for a portion of the work required of Thomas to effectuate payment by the insurance companies. Thomas admits that he failed to reference the $4,900 from the auto insurance carrier and specifically break down payment of the $5,000 in med pay when he prepared the closing statement, but argues that he only charged his client $7,233 in attorney's fees, a fee which was less than the one-third of the total recovery to which he was entitled.
The referee found that Thomas did not effectuate a settlement in the automobile accident case and that the $4,900 paid by AMICA was paid for the automobile accident case and not the slip and fall case. The referee further found that the closing statement was clear on its face and spoke for itself, that Thomas did not make any arrangement in writing with Rottblatt for obtaining additional fees beyond that agreed upon in the closing statement, and that Thomas was not entitled to any portion of the $1,900 and therefore was only entitled to a 1/3 fee on the $16,000 he collected for Rottblatt. The referee concluded that Thomas was guilty of taking a fee in excess of the allowable contingency fee (Rule Regulating The Florida Bar 4-1.5(f)(4)), and of misappropriating funds (Rule Regulating The Florida Bar 5-1.1). Noting that Thomas had been a member of The Florida Bar since 1973 and had no prior record of disciplinary action, the referee recommended that Thomas receive a public reprimand, make restitution to the client, and pay The Florida Bar's costs.
"A referee's findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record." Florida Bar v. Berman, 659 So.2d 1049, 1050 (Fla.1995). We find support in the record for the referee's factual findings. These findings establish that Thomas kept the $1,900 for his own use even though he knew that the $1,900 belonged to his client and was in excess of the contingency fee allowed by the fee settlement agreement. However, we reject the referee's disciplinary recommendation that Thomas be given a public reprimand. This Court has broader discretion when reviewing a referee's recommended sanction because the responsibility to order an appropriate sanction ultimately rests with this Court. Id. at 1051. We have determined that a public reprimand is an insufficient sanction for the serious violations committed by Thomas. Nevertheless, based on Thomas's lack of a prior record of misconduct and the fact that his misconduct was an isolated incident, we deny The Florida Bar's request that Thomas be disbarred. Instead, we find that Thomas's misconduct warrants imposition of a ninety-day suspension.
Thomas is hereby suspended from the practice of law for a period of ninety days. The suspension will be effective thirty days from the filing of this opinion so that Thomas can close out his practice and protect the interests of existing clients. If Thomas notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Thomas shall accept no new business from the date this opinion is filed until the suspension is completed.
We uphold the remainder of the referee's recommended discipline. Thomas is ordered to make restitution to Helene Rottblatt in the amount of $1,900. He is also ordered to pay costs to The Florida Bar in the amount *533 of $1,849.29, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.